# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

June 29, 2020

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number:  14-15733-CC
Case Style: Gregory Welch v. USA
District Court Docket No: 0:13-cv-62770-KAM
Secondary Case Number: 0:09-cr-60212-KAM-1

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to:  Lois Tunstall
Phone #:  (404) 335-6191

Enclosure(s)

MDT-1 Letter Issuing Mandate

## UNITED STATES COURT OF APPEALS
### For the Eleventh Circuit

_____

No. 14-15733

_____

District Court Docket Nos.
0:13-cv-62770-KAM; 0:09-cr-60212-KAM-1

GREGORY WELCH,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is
entered as the judgment of this Court.

Entered: May 06, 2020
For the Court: DAVID J. SMITH, Clerk of Court
By: Jeff R. Patch

[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15733
_____

D.C. Docket Nos. 0:13-cv-62770-KAM; 0:09-cr-60212-KAM-1

GREGORY WELCH,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 6, 2020)

Before ROSENBAUM and TJOFLAT, Circuit Judges, and PAULEY,[*] District
Judge.

PER CURIAM:

_____

[*] Honorable William H. Pauley III, United States District Judge for the Southern District
of New York, sitting by designation.

This case is before us following petitioner Gregory Welch's successful appeal to the Supreme Court. Welch previously pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) ("ACCA"), after determining that Welch had previously committed three "violent felonies." Subsequently, Welch filed a 28 U.S.C. § 2255 motion to vacate his sentence. That motion was denied, and this Court declined to issue a certificate of appealability ("COA"). The Supreme Court vacated that order and held that its decision in *Samuel Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Court invalidated the ACCA's "residual clause," applied retroactively to cases on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

Welch argues now that the predicate offenses for his ACCA conviction were not violent felonies under the ACCA's "elements" clause, the remaining provision of the ACCA that could still be applicable to his case. But as we explain below, our precedent requires us to conclude otherwise. We therefore affirm the district court's denial of Welch's § 2255 motion.

## I.    Background

A. Conviction and Direct Appeal

2

In 2009, a federal grand jury indicted Welch on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Welch pled guilty to the indictment on September 17, 2010. His presentence investigation report identified him as an armed career criminal under 18 U.S.C. § 924(e)—who was thus subject to a mandatory minimum sentence of 15 years—based on these three prior Florida convictions: (i) two separate 1996 Florida strong-arm-robbery convictions, under Fla. Stat. § 812.13(1); and (ii) a 2005 felony-battery conviction, under Fla. Stat. § 784.041(1).

Welch objected to his classification as an armed career criminal and argued at his sentencing in 2010 that neither his Florida robbery convictions nor his Florida felony-battery conviction were "violent felonies," as defined by 18 U.S.C. § 924(e)(2)(B). The district court overruled Welch's objection and determined that the convictions were violent felonies pursuant to both § 924(e)(2)(B)(i)'s "elements" clause and § 924(e)(2)(B)(ii)'s "residual" clause. The district court then sentenced Welch to 15 years' imprisonment, the mandatory-minimum sentence under the ACCA.

Welch appealed, and in 2012 this Court affirmed his conviction and sentence. *United States v. Welch*, 683 F.3d 1304 (11th Cir. 2012) ("*Welch Direct Appeal*"). On direct appeal, Welch argued, among other things, that his 1996 robbery convictions did not qualify as violent felonies under the ACCA. *Id.* at 1310. He

3

argued that the ACCA's elements clause did not apply because the degree of force required to commit robbery was too slight to constitute a violent felony under the ACCA.  In our discussion of that argument, we recognized that in 1996, when Welch pled guilty to robbery, the Florida district courts of appeal "were divided on whether a snatching . . . amounted to robbery," and so we "assume[d] for purposes of analysis that Welch pleaded guilty to robbery at a time when mere snatching sufficed."  *Id.* at 1311–12.  According to Welch, mere snatching was not the type of "violent force" that the Supreme Court has determined is punishable under the ACCA.  *See id.* at 1312–13 (discussing *Curtis Johnson v. United States*, 559 U.S. 133, 140 (2010)). We agreed that the elements clause "[a]rguably . . . would not apply to mere snatching," but concluded that we "need not decide whether snatching is sufficiently violent under the elements clause . . . because it suffices under the [ACCA's] residual clause."  *Id.* at 1313.  Accordingly, we concluded that Florida robbery qualified as a violent felony under the residual clause and affirmed Welch's sentence.  *See id.* at 1313–14.

B. 28 U.S.C. § 2255 Proceedings

In 2013, Welch filed a *pro se* 28 U.S.C. § 2255 motion to vacate, correct, or set aside his ACCA sentence.  In relevant part, Welch argued that his Florida robbery and Florida felony-battery convictions were not properly used as predicates for his ACCA sentence.  A magistrate judge recommended that Welch's § 2255 motion be

4

denied, concluding in relevant part that Welch was properly sentenced under the ACCA. Over Welch's objections, the district court adopted the magistrate judge's recommendation, denied Welch's § 2255 motion, and denied him a COA.

Welch appealed, but in 2015 this Court denied his motion for a COA. Welch then petitioned the Supreme Court for a writ of certiorari, arguing that the Supreme Court's then-recent decision in *Samuel Johnson*, in which the Supreme Court held that the ACCA's residual clause was unconstitutionally vague, *see Samuel Johnson*, 135 S. Ct. at 2557–58, applied retroactively to his case and invalidated his ACCA sentence. *Welch*, 136 S. Ct. at 1263. The Supreme Court granted Welch's petition and held that *Samuel Johnson's* void-for-vagueness holding regarding the ACCA's residual clause applies retroactively to cases on collateral review. *Id.* at 1265. The Supreme Court accordingly vacated our order denying Welch a COA and remanded his case to this Court for further proceedings, but left open the possibility that we would affirm Welch's sentence "on other grounds," including the ACCA's elements clause. *Id.* at 1268.

On remand from the Supreme Court in 2016, a judge of this Court granted Welch a COA on the question of whether he was entitled to relief in light of *Samuel Johnson*. Subsequently, we stayed briefing in this case twice: first, pending the issuance of this Court's *en banc* decision about Florida felony battery in *United States v. Vail-Bailon*, 868 F.3d 1293 (11th Cir. 2017) (*en banc*), *cert. denied*, 138 S.

Ct. 2620 (2018); and second, pending the issuance of the Supreme Court's decision about Florida robbery in *Stokeling v. United States*, 139 S. Ct. 544 (2019). Those cases have been decided, and we now address the merits of Welch's appeal.

## II.    Standard of Review

We review *de novo* whether a prior conviction qualifies as a violent felony under the ACCA. *United States v. Deshazior*, 882 F.3d 1352, 1354 (11th Cir. 2018), *cert. denied*, 139 S. Ct. 1255 (2019).

## III.    Discussion

A. The Armed Career Criminal Act

A defendant is subject to the ACCA's sentence enhancement if he or she was previously convicted of at least three "violent felon[ies]" or "serious drug offense[s]." *See* 18 U.S.C. § 924(e)(1). The latter group of predicate crimes, "serious drug offenses," is not at issue in this case.

The ACCA's definition of "violent felony" includes three categories of offenses. The first part of the definition, which is known as the elements clause, refers to a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* at § 924(e)(2)(B)(i). The second, known as the enumerated-offenses clause, refers to a crime that is "burglary, arson, or extortion, [or] involves use of explosives." *Id.* at § 924(e)(2)(B)(ii). And the third, known as the residual clause, refers to a crime that "otherwise involves conduct

that presents a serious potential risk of physical injury to another." *Id.* As we have noted, the Supreme Court has concluded that the residual clause is unconstitutionally vague.

On appeal, Welch argues that none of his prior Florida convictions are "violent felonies" under the remaining clauses of the ACCA. Welch's robbery and felony-battery convictions are, of course, not any of the enumerated offenses. So his prior convictions can sustain an ACCA sentence enhancement only if they fit within the elements clause. We discuss both convictions in turn.

B. Florida Robbery

Under Florida law, "robbery" is defined as follows:

[T]he taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear.

Fla. Stat. § 812.13(1).

There is no question that a conviction under § 812.13(1) is a violent felony under the ACCA's elements clause. We reached this conclusion more than a decade ago. *See United States v. Dowd*, 451 F.3d 1244, 1255 (11th Cir. 2006), *cert. denied*, 549 U.S. 941 (2006); *see also United States v. Lockley*, 632 F.3d 1238, 1245 (11th Cir. 2011) (holding Florida robbery is a crime of violence under the elements clause in the Sentencing Guidelines), *cert. denied*, 565 U.S. 885 (2011). The Supreme

Court reached the same conclusion last year. *See Stokeling*, 139 S. Ct. at 555. And in *United States v. Fritts*, we clarified that *Dowd's* and *Lockley's* holdings extended to pre-1997 convictions, when the Florida district courts were still divided about the level of force needed to commit robbery. *See Fritts*, 841 F.3d 937, 942–43 (11th Cir. 2016), *cert. denied*, 137 S. Ct. 2264 (2017).

The question before us is whether, as Welch asserts, our decision in his direct appeal carved out a narrow exception for pre-1997 Florida robbery convictions obtained in Florida's Fourth District Court of Appeal ("DCA"). Welch notes that in our discussion of the elements clause, we observed that, at the time Welch was convicted, the Fourth DCA had not resolved whether mere snatching of an item was sufficient to support a robbery conviction and that an earlier Florida Supreme Court decision had held that "'any degree of force' would convert larceny into a robbery." *Welch Direct Appeal*, 683 F.3d at 1311 (discussing *McCloud v. State*, 335 So. 2d 257, 258–59 (Fla. 1976)). We therefore "assume[d] for purposes of analysis that Welch pleaded guilty to robbery at a time when mere snatching sufficed." *Id.* at 1311–12. And so, Welch contends, we are required to use that assumption whenever we review robbery convictions that were obtained in the Fourth DCA.

Welch's argument fails. We did not create any such exception in Welch's direct appeal. The discussion that Welch relies on was not necessary to our ultimate holding. We observed that if pre-1997 Florida robbery qualified as a violent felony

8

under either the elements clause or the residual clause, it qualified as a violent felony, nonetheless.  And we ultimately concluded that "[w]e need not decide whether snatching is sufficiently violent under the elements clause . . . because it suffices under the residual clause." *Id.* at 1313.  Accordingly, our discussion of robbery under the elements clause in Welch's direct appeal was dicta, and it is not binding. *See United States v. Kaley*, 579 F.3d 1246, 1253 n.10 (11th Cir. 2009) ("[D]icta is defined as those portions of an opinion that are not necessary to deciding the case then before us." (citations and quotation marks omitted)); *see also Edwards v. Prime, Inc.*, 602 F.3d 1276, 1298 (11th Cir. 2010) ("[D]icta is not binding on anyone for any purpose." (citations omitted)).

Welch retorts that the underlying assumption from the discussion of the elements clause in his direct appeal (that "mere snatching" would have been enough to sustain a robbery conviction at the time he pled guilty) is binding, and not dicta. He asserts that that assumption was integral to our holding in his direct appeal that a robbery conviction was a "violent felony" because we assumed that snatching would implicate the residual clause.

But our decision in *Fritts* resolved that issue, and such an assumption is no longer permissible under our binding precedent.  There, we held that the Florida Supreme Court, in its 1997 decision *Robinson v. State*, 692 So. 2d 883 (Fla. 1997), "made clear that the § 812.13 robbery statute has *never* included a theft or taking by

mere snatching," and has always required force sufficient to overcome a victim's resistance. *Fritts*, 841 F.3d at 942–43 (emphasis in original). We further stated that "[w]hen the Florida Supreme Court in *Robinson* interprets the robbery statute, it tells us what that statute always meant." *Id.* at 943 (citation omitted). We thus concluded that Florida robbery has always required force sufficient to satisfy the ACCA's elements clause. *See id.* We are bound by that decision. *See United States v. Steele*, 147 F.3d 1316, 1317–18 (11th Cir. 1998) (*en banc*) ("Under our prior precedent rule, a panel cannot overrule a prior one's holding even though convinced it is wrong." (citations omitted)). *Fritts* thus forecloses Welch's argument.

Welch separately argues that we are bound by our decision in his direct appeal as the law of the case. Under the law-of-the-case doctrine, this Court is generally bound by a prior appellate decision of the same case and is precluded from "revisiting issues that were decided explicitly or by necessary implication in [the] prior appeal." *Thomas v. United States*, 572 F.3d 1300, 1303 (11th Cir. 2009) (citation and quotation marks omitted). But the law-of-the-case doctrine does not prevent us from considering issues that could have been, but ultimately were not, resolved in the earlier appeal. *See id.* at 1304. And the doctrine does not bar reconsideration of an issue if there has been an intervening change in controlling precedent. *See id.* at 1303–04.

The law-of-the-case doctrine does not control our decision here.  As we have explained, in our decision in Welch's direct appeal, we did not decide, either explicitly or implicitly, whether pre-1997 Florida robberies in the Fourth DCA qualify as violent felonies under the ACCA's elements clause.[1]

Finally, Welch argues that we should find in his favor "to avoid expanding the inter-circuit conflict that already exists."  He is referring to a decision from the Ninth Circuit, *United States v. Geozos*, where that court concluded that a defendant could violate § 812.13 "without using violent force."  *Geozos*, 870 F.3d 890, 900 (9th Cir. 2017).  This argument fails.  Circuit splits are an inevitable consequence of our system of appellate review, and we are not obligated—or permitted—to follow what we believe to be an incorrect decision from one of our sister circuits simply to avoid a "conflict."  Welch's argument to the contrary is particularly unconvincing in a situation where our precedent controls our result and a circuit split already exists.[2]

---

[1] Welch similarly argues that the Government conceded at his original sentencing that Florida's robbery statute does not require the use of violent force.  At the time the Government made the supposed concession, the Government's attorney was contrasting § 812.13 with Florida's "Robbery by Sudden Snatching" statute, Fla. Stat. § 812.131, which explicitly details the amount of force needed to commit the offense.  The "concession" is better read as an acknowledgment that the text of § 812.13 does not specify the force needed to violate the statute.

[2] We also note that the Ninth Circuit has since recognized that its decision in *Geozos* may no longer be good law following the Supreme Court's decision in *Stokeling*.  *See Ward v. United States*, 936 F.3d 914, 919 (9th Cir. 2019) ("Our prior distinction between 'substantial' and 'minimal' force in the ACCA robbery context in such cases as *Molinar* and *Geozos* cannot be reconciled with the Supreme Court's clear holding in *Stokeling*.").

The district court thus did not err in concluding that Welch's 1996 robbery convictions were violent felonies that could be used to justify a sentencing enhancement under the ACCA.

### C. Florida Felony Battery

Florida's felony-battery statute provides that a person commits felony battery if he

(a) Actually and intentionally touches or strikes another person against the will of the other; and

(b) Causes great bodily harm, permanent disability, or permanent disfigurement.

Fla. Stat. § 784.041(1).

In *Vail-Bailon*, this Court, sitting *en banc*, held that Florida felony battery under Fla. Stat. § 784.041(1) categorically qualifies as a "crime of violence" under § 2L1.2 of the Sentencing Guidelines. *Vail-Bailon*, 868 F.3d at 1295. That decision is binding here.[3] Welch concedes this and acknowledges that he makes the argument only to preserve it for further review. In light of our *en banc* holding in *Vail-Bailon*,

---

[3] Although *Vail-Bailon* involved an analysis of a "crime of violence" under the Sentencing Guidelines and not a "violent felony" under the ACCA, we have previously recognized—including in Welch's direct appeal—that "the definitions of 'crime of violence' under the Sentencing Guidelines and 'violent felony' under the [ACCA] are virtually identical," and we "have held that considering whether a crime is a violent felony is similar to considering whether a conviction qualifies as a crime of violence." *Welch Direct Appeal*, 683 F.3d at 1312 (quoting *United States v. Alexander*, 609 F.3d 1250, 1253 (11th Cir. 2010), *cert. denied*, 563 U.S. 905 (2011)) (cleaned up). Indeed, our decision in *Vail-Bailon* relied primarily on the Supreme Court's opinion in *Curtis Johnson*, 559 U.S. 133 (2010), which was a decision interpreting the ACCA's elements clause. *See Vail-Bailon*, 868 F.3d at 1302 ("[W]e conclude that the test set out in *Curtis Johnson* articulates the standard we should follow. . . .").

12

we hold that the district court did not err in concluding that Welch's Florida felony-battery conviction was a "violent felony" under the ACCA.

## IV.   <u>Conclusion</u>

This Court's binding precedent forecloses Welch's challenges to both his Florida felony-battery conviction and his Florida robbery convictions as ACCA predicate offenses.  Accordingly, we affirm the district court's denial of Welch's § 2255 motion.

**AFFIRMED.**

ROSENBAUM, Circuit Judge, concurring:

I join the panel opinion in full because binding precedent requires it. Welch's primary argument is that, notwithstanding our decisions to the contrary, his Florida robbery conviction should not be considered a "violent felony" because he was convicted in Florida's Fourth District Court of Appeal ("DCA") before the Florida Supreme Court issued *Robinson v. State*, which articulated the level of force needed to sustain a robbery conviction under Florida law. *See* 692 So. 2d 883, 886 (Fla. 1997). The panel opinion correctly concludes that our decision in *United States v. Fritts*, 841 F.3d 937 (11th Cir. 2016), *cert. denied*, 137 S. Ct. 2264 (2017), forecloses this argument and that we did not carve out an exception in Welch's direct appeal for pre-1997 robbery convictions obtained in Florida's Fourth DCA. Majority Op. at 7–10.

I write separately, though, because I believe that we went too far in *Fritts* and that its holding may eventually force us into an absurd result. In *Fritts*, we rejected the argument that, prior to the Florida Supreme Court's decision in *Robinson*, "only the slightest force was sufficient to convict a defendant of Florida robbery." *Fritts*, 841 F.3d at 942. But rather than looking to the state of the law as it actually existed in Florida's district courts when Fritts had been convicted (in 1989), we simply concluded in *Fritts* that *Robinson* "made clear that the § 812.13 robbery statute has *never* included a theft or taking by mere snatching," *id.* (emphasis in original), and

that "[w]hen the Florida Supreme Court in *Robinson* interprets the robbery statute, it tells us what that statute *always* meant." *Id.* at 943 (emphasis added).

There is no question that the Florida Supreme Court has the final say in interpreting Florida's statutes. When it held in *Robinson* that a robbery conviction requires a perpetrator to have used "force sufficient to overcome a victim's resistance," 692 So. 2d at 887, it nullified any lower court precedent to the contrary. But that does not mean that those decisions never happened, or that individuals were not convicted of robbery in those districts after having used less force than *Robinson* eventually required.

The *Robinson* Court had no illusion that it was merely affirming a position that each of Florida's district courts had already taken. Indeed, its holding reversed the First DCA's affirmance of Robinson's conviction, in which that court "concluded that the degree of force required to snatch property from a person, even without resistance by or injury to the victim, was sufficient to satisfy Florida's force element." *Id.* at 885 (citing *Robinson v. State*, 680 So. 2d 481, 484 (Fla. 1st DCA 1996)). Likewise, the Florida Supreme Court in *Robinson* acknowledged—and disapproved of—the Fifth DCA's holding in *Andre v. State* that "any degree of force, including that used to snatch money from a person's hand, was force sufficient to satisfy the force element of robbery." *Id.* at 886, 887 n.12 (discussing *Andre*, 431 So. 2d 1042, 1043 (Fla. 5th DCA 1983)).

So what happens, then, when someone who was convicted of robbery in the First or Fifth DCA before *Robinson* was decided finds himself before our Court? Let's consider for this exercise someone like Keith Alan Andre, the defendant in *Andre v. State*. Andre was convicted of robbery in the Fifth DCA in 1983 after he "snatched money from the hand of the victim while in the process of discussing a drug deal." *Andre*, 431 So. 2d at 1042. The Fifth DCA affirmed Andre's conviction, holding that "the definition of robbery does not limit itself to 'violence' but also includes 'force,'" and that "the act of 'snatching' the money from another's hands is force and that force will support a robbery conviction." *Id.* at 1043 (citation omitted).[1]

Imagine a Hypothetical Defendant who in 1996 was convicted of robbery for snatching money in, say, the Fifth DCA or the First DCA (or any other DCA that had not had the foresight to predict that the Florida Supreme Court would eventually rule that Florida robbery does not include theft or taking by mere snatching). Assume for a moment that the Hypothetical Defendant didn't (or couldn't) change his record after *Robinson* was decided. Fast forward to the present day, and assume that the Hypothetical Defendant has committed the federal crime of being a felon in

---

[1] Andre and his associates also beat the victim after the victim tried to get his money back. *See Andre*, 431 So. 2d at 1042. But those subsequent acts were explicitly not the basis for the First DCA's affirmance of the robbery conviction, as the court held that "snatching" by itself was "force [that] will support a robbery conviction." *Id.* at 1043.

possession of a firearm, and that he has pled guilty to the offense.  And for good measure, assume that the Hypothetical Defendant has two other prior convictions that were undisputedly serious drug convictions under the Armed Career Criminal Act ("ACCA").

There's little doubt about what would happen next.  Pursuant to 18 U.S.C. § 924(e)(1), the district court would sentence the Hypothetical Defendant to a minimum of 15 years' imprisonment.  His third qualifying felony would be the 1983 robbery conviction, where he snatched money from a victim.  The Hypothetical Defendant may argue that his robbery conviction should not count as a violent felony because he was convicted for mere snatching, and that does not rise to the level of force that the Supreme Court has required.  *See*, *e.g.*, *Curtis Johnson v. United States*, 559 U.S. 133, 140 (2010) ("[T]he phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." (emphasis in original)).  But following *Fritts* and our pronouncement that Florida robbery "has *never* included a theft or taking by mere snatching," the Hypothetical Defendant—who was actually nonetheless convicted pre-*Robinson* of Florida robbery for theft or taking by mere snatching—would incorrectly be saddled with a "violent felony" under the ACCA.  And he would then be sentenced under the increased penalty provisions, even though, as a matter of fact, the facts of his conviction did not actually qualify.

This outcome torpedoes the rationale of the categorial approach, where we look "not to the facts of the particular prior case, but rather to the state statute defining the crime of conviction." *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 186 (2007) (citing *Taylor v. United States*, 495 U.S. 575, 599–600 (1990)). Because state statutes can cover a wide breadth of conduct, our review "must presume that the conviction rested upon nothing more than the least of the acts criminalized." *Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013) (cleaned up). But that approach fails when our own precedent defining "the least of the acts criminalized" is at odds with reality.

*Fritts*'s blind allegiance to an interpretation of the Florida robbery statute that was not, as a matter of fact, uniformly applied before the Florida Supreme Court issued *Robinson* creates the very real possibility that it will keep defendants in prison for extended sentences based entirely on a legal fiction. That makes no sense. We live in the real world. And in the real world, whatever the Florida Supreme Court decided in 1997 that the Florida robbery statute "always" meant cannot change the fact that, before *Robinson*, at least some of Florida's intermediate courts of appeals applied the Florida robbery statute to cover mere snatchings.

Welch, of course, was convicted in the Fourth DCA, not the First or Fifth. As we recognized in his direct appeal, when Welch was convicted, the Fourth DCA had not yet determined the requisite level of force needed to sustain a robbery conviction.

*See United States v. Welch*, 683 F.3d 1304, 1311 (11th Cir. 2012).  We assumed for the sake of discussion that that court would have sustained a robbery conviction that was based on mere snatching.  *See id.* at 1311–12.  That assumption may or may not have held up under closer examination.  But neither Welch, nor someone who was certainly convicted for mere snatching, will have the chance to make the argument.  Instead, *Fritts*'s revisionist history wrongly ties our hands.

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

May 06, 2020

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 14-15733-CC
Case Style: Gregory Welch v. USA
District Court Docket No: 0:13-cv-62770-KAM
Secondary Case Number: 0:09-cr-60212-KAM-1

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing, are available at www.ca11.uscourts.gov.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Carol R. Lewis, CC at (404) 335-6179.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6151

OPIN-1 Ntc of Issuance of Opinion